

**U.S. Department of Justice**

**Rachael S. Rollins**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

**September 12, 2022**

Henry Fasoldt, Esq.
185 Devonshire Street. Suite 302
Boston, MA 02110

Re:    United States v. Ariel Velasquez
       Case No. 20cr10285-DPW

Dear Mr. Fasoldt:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Ariel Velasquez ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.    Change of Plea

Defendant will plead guilty to Count Three of the Indictment: Engaging in the Business of Dealing in Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 2. Defendant admits that Defendant committed the crime specified in this count and is in fact guilty of it.

The U.S. Attorney will dismiss Counts One and Two of the Indictment following the imposition of a sentence at the sentencing hearing.

2.    Penalties

Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically

1

removed from the United States.

3.    Sentencing Guidelines

The U.S. Attorney agrees based on the following calculations, that Defendant's total "offense level" under the Guidelines is 27:

a)  Defendant's base offense level is 22, because Defendant sold a firearm described in 26 U.S.C. § 5845(a) and had been convicted of a controlled substance offense (USSG §2K2.1(a)(3));

b)  Defendant's offense level is increased by 2, because of the number of firearms involved (USSG §2K2.1(b)(1)(A));

c)  Defendant's offense level is increased by 2, because a firearm was stolen (USSG §2K2.1(b)(4)(A));

d)  Defendant's offense level is increased by 4, because Defendant trafficked in firearms (USSG §2K2.1(b)(5)); and

e)  Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

2

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3 subject to USSG § 5G1.1(a);

b) no fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) forfeiture as set forth in Paragraph 5.

Defendant may argue for any sentence.

5.    Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

6.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on

2

the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9.    Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and **Defendant,** please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Michael Crowley.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By:    /s/ Timothy Moran
       TIMOTHY E. MORAN
       Chief, Organized Crime and Gang **Unit**

       /s/ Michael Crowley
       MICHAEL CROWLEY
       Assistant U.S. Attorney

3

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Ariel Velasquez
Defendant

Date: 9/28/2022

I certify that Ariel Velasquez has read this Agreement and that we have discussed what it means. I believe Ariel Velasquez understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Henry Fasoldt, Esq.
Attorney for Defendant

Date: 9/28/22

4